IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SONIA HULSE                                                                                PLAINTIFF

v.                         CIVIL NO. 5:17-CV-5170

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sonia Hulse, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on October 29, 2014, alleging an inability to work since May 1, 2014, due to anxiety, bipolar disorder, depression, psychotic episodes, and hallucinations. (Tr. 68, 83-84). An administrative hearing was held on January 22, 2016, at which Plaintiff and a vocational expert testified. (Tr. 36-66).

By written decision dated April 29, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of affective disorder, variously diagnosed as bipolar

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

disorder, depressive disorder, and depression NOS; generalized anxiety disorder; insomnia; personality disorder NOS with cluster B & C traits; and polysubstance dependence in partial remission. (Tr. 19). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with the following non-exertional limitations: Plaintiff can understand, remember and carry out simple instructions and tasks, and Plaintiff can concentrate on those tasks for extended periods of two or more hours at once. (Tr. 21-27). With the help of a vocational expert (VE), the ALJ determined that while Plaintiff did not have any past relevant work, there were jobs that existed in significant numbers in the economy that Plaintiff could perform, such as a hand packager and an industrial cleaner. (Tr. 28). Therefore, the ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, since October 29, 2014, through the date of the decision. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 27, 2017. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 27th day of March, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE